SUAREZ, J.
M.S. appeals from a withhold of adjudication for battery and a sentence of probation. We affirm.
M.S. was enrolled at Miami Bridge, a temporary shelter for neglected and homeless children. On March 10, 2010, Rochelle Canton, a supervisor at the shelter, saw a young girl, K.V., crying in her dorm room because she had recently been in an altercation with other girls at the shelter. Ms. Canton took K.V. to a hallway outside the dorm and M.S. followed them. A verbal altercation between M.S. and K.V. ensued, and M.S. reached around Ms. Canton and slapped K.V. Ms. Canton was standing in between the girls as this happened. There was a fifteen minute interval between the time Ms. Canton arrived at KV.’s dorm room and when M.S. slapped K.V.
At the adjudicatory hearing, the State’s only witness was Ms. Canton. Ms. Canton testified that she did not know if K.V. had struck M.S. first or if they were striking each other in mutual combat. The State rested its case at the conclusion of Canton’s testimony, and the defense moved for dismissal on grounds that the State’s evidence failed to establish guilt because of the lack of evidence concerning how the altercation began. The trial court denied the motion. After the defense rested, it made a second motion for dismissal asserting that the State had failed to establish that M.S. had not slapped K.V. in self defense. That motion was denied as well. In closing argument, defense counsel tried to argue self-defense, but was prohibited— the trial judge ruled that she would not “be hearing any references in closing argument to a defense that was not raised.”
This appeal followed and M.S. alleges that the trial court abused its discretion and erroneously prohibited argument of self-defense during closing argument.
The trial court’s decision is reversible only if it abused its discretion by not allowing the defense’s argument of self-defense in closing, and such abuse of discretion resulted in a harmful error. Bonifay v. State, 680 So.2d 413 (Fla.1996).
Closing arguments are improper where they cannot be reasonably inferred from the evidence presented at trial. See Dessaure v. State, 891 So.2d 455 (Fla.2004). Here, it cannot be reasonably inferred from the evidence presented at trial that M.S. acted in self-defense.
For M.S. to have acted in self-defense, it must have appeared to a reasonable person in her situation that M.S. needed to defend herself from “imminent use of unlawful force.” See § 776.012, Fla. Stat (2010); S.J.C. v. State, 906 So.2d 1115, 1115-16 (Fla. 2d DCA 2005). It cannot be inferred that a reasonable person in the same situation as M.S. would have found that M.S. needed to defend herself against imminent force from K.V., who was being escorted away from M.S. and was being separated from M.S. by a supervisor. Thus, the trial court did not abuse its discretion by prohibiting M.S. from arguing self-defense in closing since it could not have been reasonably inferred from any evidence at trial. See Dessaure, 891 So.2d at 455.
*240 M.S.’s self-defense argument was properly prohibited during closing argument since there was no evidence of self-defense at trial.[1] We find no abuse of discretion in any of the trial court’s rulings.
Affirmed.

. There is no need to apply a harmless error analysis since there was no abuse of discretion in the trial court’s decision to prohibit M.S.’s self-defense argument in closing.